J-S63008-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENYATTA WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1091 EDA 2014 |

Appeal from the PCRA Order March 25, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-1004231-1991

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED NOVEMBER 04, 2015**

Kenyatta Williams ("Williams") appeals from the order of court dismissing his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

The PCRA court summarized the relevant factual and procedural histories as follows:

> On August 21, 1992, [Williams] was found guilty by a jury … of [f]irst [d]egree [murder], [r]obbery, [a]ggravated [a]ssault [], [c]riminal [c]onspiracy, and [p]ossessing [i]nstruments of [c]rime.  He was sentenced to life without the possibility of parole.  [Williams] appealed, and the Superior Court affirmed the judgment of sentence on August 26, 1994.  The Pennsylvania Supreme Court denied his petition for allowance of appeal on January 18, 1995.
>
> On December 24, 1996, [Williams] filed a *pro se* PCRA petition.  Counsel was appointed, and a "no merit" letter pursuant to ***Finley/Tuner*** [sic] was

filed. After review, the [PCRA court] dismissed his first PCRA petition. [Williams] filed an appeal to the Superior Court, but his appeal was dismissed on February 17, 1999 for failure to file a brief.

On May 21, 2012, [Williams] filed the instant PCRA petition, his second. After conducting an extensive and exhaustive review of these filings, the record and applicable case law, this Court found that [Williams'] petition for post[-]conviction collateral relief was untimely filed. Therefore, this Court did not have jurisdiction to consider [Williams'] PCRA petition and it was dismissed.

PCRA Court Opinion, 4/28/14, at 1-2 (footnote omitted).

This appeal follows, in which Williams presents two issues for our review, alleging ineffective assistance of trial and PCRA counsel. Williams' Brief at 21, 34.[1] Before we can consider these claims, we first must determine whether the underlying PCRA petition was timely filed. It is well established that "[t]he PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648-49 (Pa. 2007). The PCRA provides in relevant part as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

[1] Contrary to our Rules of Appellate Procedure, Williams, who is represented by counsel in this appeal, has failed to include a statement of questions involved in his appellate brief. *See* Pa.R.A.P. 2111(a).

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Williams' judgment of sentence became final on or about April 18, 1995, which marked the end of the period in which he had to seek review by the United States Supreme Court. *See Commonwealth v. Dehart*, 730 A.2d 991, 993 (Pa. Super 1999) (holding that judgment became final when period for filing petition for writ of certiorari to the United States Supreme Court lapsed). To be considered timely, therefore, Williams had to file any PCRA petitions on or before April 18, 1996, unless he could establish an exception contained in § 9545(b)(1).

Before us now are Williams' second PCRA petition, filed May 18, 2012, and the four amendments thereto that he filed between August 23, 2012 and February 1, 2014. These filings are blatantly untimely, and so Williams

was required to establish one of the exceptions to the time bar for the PCRA court to consider the claims raised therein.

In his second PCRA petition, Williams made numerous allegations of ineffective assistance of counsel. He acknowledged the untimeliness of his petition but attempted to establish the § 9545(b)(1)(iii) exception based upon the United States Supreme Court's decision in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012). This Court has previously decided that the United States Supreme Court's decision in *Martinez* affects federal habeas corpus law only and has no impact on how we interpret and apply the PCRA's time-bar. *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013) ("While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA."). Accordingly, reliance on *Martinez* will not establish an exception to the PCRA's time-bar.

In his first and second amendments, Williams argued that the United States Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012), created a newly-recognized constitutional right, thereby establishing an exception to the PCRA's time-bar. There is no merit to this claim. As we have succinctly summarized, "[i]n *Miller*, the Supreme Court of the United States recognized a constitutional right for juveniles under the age of eighteen, holding that 'mandatory life without parole for those under

the age of [eighteen] at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). However, the Supreme Court of Pennsylvania has held that the holding of *Miller* does not apply retroactively. *Commonwealth v. Cunningham*, 81 A.3d 1, 7 (Pa. 2013). Furthermore, even if *Miller* could be applied retroactively, Williams would not be entitled to relief. Williams had already turned eighteen at the time he committed the crimes underlying his sentence. Supplemental Addendum to PCRA Petition, 8/24/12, at 3. This Court has conclusively established that *Miller* does not create a newly recognized constitutional right in individuals that were over the age of eighteen at the time they committed their offenses. *Cintora*, 69 A.3d at 764.

Next, Williams raised claims of ineffective assistance of counsel, unlawful detainment, and the trial court's lack of jurisdiction over him because of an illegal arrest. With regard to the ineffectiveness claims, Williams acknowledged that such claims "[are] not considered to be fall [sic] within any of the three exceptions to the time bar." Third Supplemental Addendum to Petition for Post Conviction Relief, 8/28/13, at 2 n.2. To the extent that Williams attempted, again, to raise *Martinez* as the exception to the time bar for these claims, his attempt fails for the reasons discussed above. William does not attempt to establish a time bar exception for the

remaining claims. "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." ***Commonwealth v. Jones***, 591, 54 A.3d 14, 17 (Pa. 2012). Because Williams failed in this regard, the PCRA court could not entertain these claims.

In his last amendment, Williams alleged two bases for relief: that the trial court lacked jurisdiction over him due to a defective criminal complaint and that he was unlawfully incarcerated because the trial court did not reduce his judgment of sentence to writing. Fourth Supplemental Addendum to Petition for Habeas Corpus Relief and Post Conviction Relief, 2/10/14, at 3-7.

As noted by the PCRA court, the first of these claims is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(viii) (providing that a claim that a proceeding occurred before a tribunal without jurisdiction must be raised under the PCRA). Williams' claim is that the because the criminal complaint does not bear the seal of any issuing authority, the trial lacked subject matter jurisdiction over his proceedings. Fourth Supplemental Addendum to Petition for Habeas Corpus Relief and Post Conviction Relief, 2/10/14, at 3-4. At no point in making this claim, however, does Williams allege or establish an exception to the time bar.

Williams also alleged that he was unlawfully detained because he was incarcerated without a "[w]ritten [j]udgment of [s]entence [o]rder." ***Id.*** at

7. We agree with the PCRA court that this claim is not cognizable under the

PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2).[2]  Therefore, it was proper for the

_____

[2] This statute provides that to be entitled to relief under the PCRA, a petitioner must establish

> that the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of a sentence greater than the lawful maximum.

PCRA court to treat this as a *habeas corpus* claim. **See Commonwealth v. West**, 938 A.2d 1034, 1044 (Pa. 2007) (holding claim that does not implicate truth determining process or implicate the legality of the sentence imposed falls outside of the PCRA and is properly addressed as petition for writ of *habeas corpus*.).

As this is not a PCRA claim, it is not subject to the PCRA's jurisdictional time bar. However, Williams does not challenge the PCRA court's denial of this claim on appeal. **See** Williams' Brief at 21-43. As such, it is not before us to review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

---

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).