**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert DEHART, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 25, 1999.

Filed May 5, 1999.

Robert Dehart, appellant, pro se.

Robert B. Stewart, III, Dist. Atty., Huntingdon, for Com., appellee.

Before CAVANAUGH, DEL SOLE, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Robert Dehart appeals the dismissal by the trial court of his second PCRA petition. For the following reason, we affirm.

¶ 2 On November 17, 1983, appellant was found guilty of first-degree murder in the ambush slaying of Terry Hatch following his escape from the State Correctional Institution at Huntington. He was also found guilty of the lesser charges of robbery, burglary, and escape. A jury imposed the penalty of death; his conviction and sentence was affirmed by our Supreme Court in 1986. *Commonwealth v. DeHart*, 512 Pa. 235, 516 A.2d 656 (1986).

¶ 3 Appellant subsequently filed his first PCRA petition in May 1989. A hearing was held on December 28, 1990. The trial court denied relief on February 13, 1992. Appellant appealed the dismissal to our Supreme Court, which remanded for a retrial on sentencing in 1994. *Commonwealth v. DeHart*, 539 Pa. 5, 650 A.2d 38 (1994). When the sentencing jury became deadlocked in February 1996, the trial court imposed a sentence of life imprisonment.

¶ 4 Appellant filed this, his second PCRA petition, on January 14, 1997, apparently challenging again the conviction and sentence.[1] The petition was dismissed

---

1. A copy of appellant's PCRA petition, filed on January 14, 1997, has not been included in the certified record, nor has appellant included a copy in his reproduced record. We note that it is appellant's duty to ensure that the certified record is complete for purposes of review. *Cade v. McDanel*, 451 Pa.Super. 368, 679 A.2d 1266, 1268–69 (1996). The record does contain numerous motions filed by appellant, though, wherein he announced his complaints. Appellant intended to challenge, *inter alia*, each element of the first-degree murder conviction and evidence of an intent to kill (Motion for Reconsideration of Order, filed 2/19/98, at ¶¶ 1, 3; Motion for Production of Re–Sentencing Hearing Transcripts and for a Stay of Notice of Intent to dismiss Proceedings, filed 2/3/98, at ¶ 5);

on March 6, 1997, without the requisite 10–day notice of intent to dismiss having been given to appellant. Appellant appealed the dismissal and this Court remanded on November 20, 1997, for further proceedings. The trial court thereafter issued a notice of intent to dismiss on January 14, 1998, and allowed appellant 45 days to file objections thereto. Appellant filed a "motion for production of transcripts" on February 3, 1998; the trial court responded on February 12, 1998, by ordering the transcription of appellant's re-sentencing testimony and allowing appellant 10 days following receipt of the transcript for filing objections. Appellant filed a motion for reconsideration, seeking a full transcript of the hearing and reinstatement of the 45–day deadline. The trial court responded by dismissing appellant's petition following the lapse of 45 days on March 6, 1998. This appeal followed.

¶ 5 The trial court dismissed appellant's petition on the grounds that, at his re-sentencing hearing, appellant admitted to committing the murder he was convicted

charged ineffectiveness of counsel (Motion to Stay, filed 12/3/97, at ¶ 6); asserted that his resentencing was unconstitutional and constituted cruel and unusual punishment (Motion to Stay, 12/3/97, at ¶¶ 7, 8); and that his confession at sentencing court was coerced (Supplimental [sic] Motion to Stay, filed 12/2/97, at ¶ 3). However, the complaints relating to counsel ineffectiveness and his alleged coerced confession are more accurately directed at alleged errors of the PCRA court in dismissing the petition and not of the sentencing court in passing sentence. We may surmise, then, that appellant's PCRA petition alleged some form of insufficiency of the evidence question, and cruel and unusual punishment.

**2.** An argument can be made that appellant's successful first PCRA complaint effectively "reset" the date used to determine the finality of the judgment. In fact, appellant raised the issue in paragraph four of his Motion to Stay. However, appellant then acknowledged in his brief that the instant PCRA petition was his second. Appellant's brief, at 9 n. 1. Also, we note that another panel of this Court, in previously remanding this action to the trial court, characterized this action as appellant's sec-

of and that the PCRA does not provide relief for petitioners who do not assert their innocence. Appellant, in turn, complains that the trial judge failed to afford him an opportunity to file objections to the notice to dismiss in violation of this Court's earlier directive, and that the dismissal constitutes judicial misconduct and bias. We note that the Commonwealth has remained uninvolved in the instant proceedings. Nevertheless, appellant, in his singularly vociferous attempt to collaterally reverse the verdict of his peers, has failed to consider the fundamental question of whether the trial court has jurisdiction in this matter. We find that it does not.

¶ 6 As stated in 42 Pa.C.S.A. § 9545, second and subsequent petitions for post-conviction relief must be filed within one year of the date the judgment becomes final. Appellant's judgment became final once our Supreme Court affirmed the judgment of sentence on October 3, 1986, and the period for filing petition for writ of *certiorari* to the United States Supreme Court lapsed.[2] Thus,

ond petition for post conviction relief. *Commonwealth v. Dehart*, 266 Harrisburg 1997, 707 A.2d 547 (judgment order issued Nov. 20, 1997).

Section 9545(b)(3) states that "[f]or purposes of this subchapter, a judgment becomes final at the conclusion of direct review...." Appellant's direct review of his conviction was concluded in 1986. All subsequent proceedings have been collateral to the initial conviction for murder.

We recognized the need to distinguish between first and second petitions for collateral relief in *Commonwealth v. Lewis*, 718 A.2d 1262 (Pa.Super.1998). In *Lewis*, we determined that a seemingly second PCRA petition was, in actuality, a first petition. There, appellant's first petition resulted in granting a direct appeal *nunc pro tunc* and not post-conviction relief *per se*. The first PCRA petition, then, necessarily substituted as a petition for permission to appeal *nunc pro tunc*, and we did not consider it to be a first petition for statute of limitations purposes.

Here, however, appellant properly exercised his direct appellate rights. His first PCRA petition was unquestionably a PCRA petition and the relief granted was post-conviction relief *per se*. Moreover, the relief

under the general rule established in § 9545, appellant's second petition under the PCRA was untimely.

¶ 7 If appellant can prove that his petition qualified for one of the three exceptions listed under § 9545(b)(1), then the general rule as to timeliness will not apply.[3] Appellant, however, failed to demonstrate, or even allege, on appeal that his case qualifies under any of the exceptions to the timeliness requirement. As a result, appellant's petition was untimely filed and the court below lacked the jurisdiction needed to consider the merits of the petition. *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348, 1998 Pa. LEXIS 1162 (June 8, 1998).

¶ 8 We note that the 1995 amendments to the PCRA provide that "a petitioner whose judgment has become final on or before the effective date of [the] act shall be deemed to have filed a timely petition under 42 Pa.C.S.A. Ch. 95 Subch. B if the petitioner's *first petition* is filed within one year of the effective date of [the] act." **Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1)** (emphasis added). This is not appellant's first petition for post-conviction relief.[4] Thus, the grace period created above does not apply and appellant must either comply with either the requirements or the exceptions of 42 Pa.C.S.A. § 9545. Because appellant

granted in the first PCRA action did not affect the adjudication of guilt, but merely the sentence imposed. Because the purpose of the PCRA is to prevent a fundamentally unfair conviction, *Commonwealth v. Carbone*, 707 A.2d 1145, 1148 (Pa.Super.1998), and the issue of appellant's conviction was not disturbed on the prior PCRA action, we find that this petition constitutes appellant's second attempt at collateral relief.

3. The three exceptions are set forth in § 9545(b)(1), which states:

(b) Time for filing petition.—
(1) Any petition under this subchapter, *including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

did neither, the trial court lacked jurisdiction to grant the relief requested.

¶ 9 Even if we found the trial court had jurisdiction to grant relief in this matter, we would find that appellant is not entitled to relief. As stated in 42 Pa. C.S.A. § 9543(a), a petitioner is eligible for relief under the PCRA if he proves by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime; ...

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
42 Pa.C.S. § 9545(b)(1) (emphasis added).

4. *See* note 2, *supra*.

adjudication of guilt or innocence could have taken place.

(3) That the allegation of error has not been previously litigated or waived....

42 Pa.C.S.A. § 9543(a). As previously noted, the partial record before this court does not contain a copy of appellant's PCRA petition, and thus, we cannot clearly ascertain the substance of appellant's complaints. However, appellant's Motion to Stay and Supplimental [sic] Motion to Stay indicate that his principal complaint regarding error of the PCRA court is that his sentencing court counsel was ineffective for allowing him to admit in open court that he committed the murder for which he was found guilty. This allegation does not provide him a basis for relief.

¶ 10 Appellant filed his first PCRA petition in 1989, alleging ineffectiveness of counsel which resulted in a wide range of alleged errors. Our Supreme Court found all appellant's complaints of ineffectiveness to be meritless, with the exception of error contained in the language of the verdict slip completed by the sentencing court; "[w]e the jury have found unanimously one aggravating circumstance which outweighs any mitigating *circumstance*," instead of the proper language "*circumstances*," warranted vacation of the death sentence and remand for a new sentence hearing. *Commonwealth v. DeHart*, 539 Pa. 5, 650 A.2d 38, 48 (1994).

¶ 11 The hearing that our Supreme Court remanded for was solely for purposes of re-sentencing; the prior adjudication of guilt was not disturbed. It was therefore not necessary for the trial court to rely on appellant's re-sentencing admission of guilt to find that he was not innocent of murder; a jury had previously made that determination. The alleged ineffectiveness of re-sentencing counsel appellant complains of could not have "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place," because no truth-determining process was taking

place. Appellant was not entitled to relief under the PCRA and the trial court did not err in so ordering.

¶ 12 Order affirmed.