J-A19029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

THOMAS ROBERT MILLER, JR.

Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1105 WDA 2014

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001194-2013

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY JENKINS, J.: **FILED JULY 16, 2015**

Appellant Thomas Robert Miller, Jr. appeals from the judgment of sentence following his *in absentia* bench trial conviction for DUI, high rate of alcohol, first offense.[1]  We affirm.

On June 2, 2014, at 1:30 p.m., after conducting a trial "*in absentia*, at which time defense counsel was given every opportunity to cross-examine the Commonwealth's witnesses and to contest the evidence presented by the Commonwealth",[2] the court found Appellant guilty of DUI, high rate of

_____

[1] 75 Pa.C.S. 3802(b).

[2] Trial Court Order, filed August 25, 2014.

alcohol.[3]  On June 4, 2014, the court sentenced Appellant to 6 months of intermediate punishment and 48 hours of electronic monitoring.  Appellant's license was suspended for one year.

On July 3, 2014, Appellant filed a notice of appeal.  That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b) by July 18, 2014.[4]  Appellant complied on July 17, 2014.  On August 11, 2014, the court ordered Appellant to pay for the transcription of the record by August 18, 2014.  On August 25, 2014, after Appellant failed to comply with its order, the court issued an order dismissing Appellant's issues for lack of a record to address the same.  On August 27, 2014, a certified record that did not include the Notes of Testimony from Appellant's non-jury trial or his colloquy about his notice of the trial was filed in this Court.

Appellant raises three issues on appeal.  In his first issue, Appellant argues the non-jury trial held in absentia was improper because Appellant did not willfully fail to appear for trial.  In his second and third issues, Appellant challenges the admission of evidence.  Appellant argues that there is a gap in the chain of custody of Appellant's blood such that Appellant's

---

[3] The court acquitted Appellant of DUI, general impairment, and the Commonwealth dropped the charge of possession with intent to use drug paraphernalia.

[4] The trial court only allowed Appellant 15 days to file his concise statement, as opposed to at least 21 days, as specified by Pa.R.A.P. 1925(b)(2).

blood sample was not properly protected, and that the Commonwealth failed to present evidence about the certification of the machine used to test his blood.

Preliminarily, "it is the appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Little*, 879 A.2d 293, 301 (Pa.Super.2005), *appeal denied,* 890 A.2d 1057 (Pa.2005) (quoting *Commonwealth v. Dehart*, 730 A.2d 991, 993 n. 1 (Pa.Super.1999), *appeal denied,* 745 A.2d 1218 (Pa.1999)). "A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined." *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa.Super.2007). "[I]f the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed." *Commonwealth v. Bongiorno*, 905 A.2d 998, 1001 (Pa.Super.2006).

Although Appellant eventually filed a certified record, the record is missing the Notes of Testimony from the hearing and the colloquy about the trial notice during which he alleges the Commonwealth failed to prove by a preponderance of the evidence that he willfully missed his trial. Without this testimony, we cannot determine whether this claim or Appellant's evidentiary claims have any merit. Accordingly, his claims are waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/2015