J-S37016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD MACK, | |
| Appellant | No. 1088 WDA 2015 |

Appeal from the PCRA Order June 23, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001722-2004, CP-63-CR-0001723-2004

BEFORE: GANTMAN, P.J., SHOGAN and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                                    **FILED JUNE 3, 2016**

Appellant, Ronald Mack, appeals *pro se* from the order entered on June 23, 2015, in the Washington County Court of Common Pleas that denied his *pro se* petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. We vacate the order and remand for the appointment of counsel.

Following a jury trial, Appellant was found guilty on March 9, 2007, of two counts of aggravated assault, one count of attempted criminal homicide, one count of arson-endangering persons, one count of arson-endangering property, and seven counts of risking a catastrophe. On July 13, 2007, the trial court sentenced Appellant to an aggregate term of twenty-seven to fifty-four years of incarceration. Appellant filed a direct appeal to the

Superior Court that was quashed as untimely. Order, 11/20/07. Appellant then filed a timely PCRA petition seeking the reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court granted relief, and Appellant filed a timley *nunc pro tunc* direct appeal. This Court affirmed Appellant's judgment of sentence in a memorandum filed on March 23, 2010. *Commonwealth v. Mack*, 1735 WDA 2008, 996 A.2d 548 (Pa. Super. filed March 23, 2010) (unpublished memorandum), *appeal denied*, 8 A.3d 343 (Pa. 2010).

Appellant filed the instant PCRA petition *pro se* on August 22, 2014. The PCRA court denied Appellant's petition on June 23, 2015. The PCRA court also concluded that Appellant was not entitled to counsel as this was a second PCRA petition. PCRA Opinion, 1/11/16, at 5. This appeal followed.

After careful review, we are constrained to vacate the PCRA court's order and remand this case for the appointment of counsel. "[A] successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." *Commonwealth v. McKeever*, 947 A.2d 782, 785, (Pa. Super. 2008) (quoting *Commonwealth v. Dehart*, 730 A.2d 991, 994 n.2 (Pa. Super. 1999)). However, "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA

- 2 -

petition will be considered a first PCRA petition for timeliness purposes."
***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013).

Here, Appellant's first PCRA petition resulted in the reinstatement of his direct appeal rights. Appellant subsequently pursued a direct appeal and then filed the underlying PCRA petition. That petition, the subject of this appeal, while chronologically his second, is effectively, his first. ***Turner***, 73 A.3d at 1286. It is well settled that an appellant has a right to counsel to litigate a first PCRA petition even if the petition appears untimely on its face. ***Commonwealth v. Stossel***, 17 A.3d 1286, 1288 (Pa. Super. 2011).

Accordingly, we vacate the order denying Appellant's PCRA petition, and we remand this matter for the appointment of counsel to represent Appellant in preparing and litigating his PCRA petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016

- 3 -