J-S78031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| LAMONT LANE | | |
| Appellant | | No. 417 WDA 2016 |

Appeal from the PCRA Order February 24, 2016
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0016893-2007

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 08, 2016**

Appellant, Lamont Lane, appeals from the order entered in the Allegheny County Court of Common Pleas dismissing his petition for relief filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). We affirm.

On November 9, 2010, Appellant pleaded guilty to two counts of possession with intent to deliver a controlled substance, and one count of possession of a controlled sentence. On August 18, 2011, he was sentenced to a mandatory minimum sentence of three to six years' imprisonment for possession with intent to deliver, with 122 days credit for time served. Appellant did not file a post-sentence motion or a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On July 17, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and directed to file an amended PCRA petition. On August 24, 2015, counsel filed an amended PCRA petition.

> In his amended PCRA Petition, [Appellant] asserted that at the time of sentencing the sentencing order failed to give him appropriate credit for time served from July 12, 2007 to July 27, 2007 (16 days) and from June 24, 2008 to December 9, 2008 (169 days). [Appellant] alleged . . . the failure to award the appropriate credit for time served is a patent error subject to correction at any time. The Commonwealth, in its answer to the petition, agreed that there was patent error in the sentencing order and further agreed that [Appellant] was not properly given the time credit as alleged and consented to an order granting the credit as requested.

PCRA Ct. Op., 7/12/16, at 2 (citation omitted).

On January 19, 2016, the court entered an order that provided: "An appropriate amended sentencing order will be entered so that [Appellant] will receive additional time credit for time served." On the same date, the court filed a "notice of intent to dismiss claim of resentencing without application of or regard for the mandatory minimum sentence." On February 24, 2016, the court entered the following order:

> [I]t appearing an amended resentencing order having been entered giving [Appellant] time credit for 185 days[2] and a Notice of Intent to Dismiss in part [Appellant's] PCRA Petition having been given by an Order entered January

---

[2] Appellant notes that "[t]he grant of additional credit did not accelerate the expiration date of [Appellant's] maximum sentence of incarceration in this matter because he had been recommitted as a convicted parole violator due to his convictions at CP-20-CR-0015164-2014." Appellant's Brief at 5 n.1.

- 2 -

15, 2016[3] and no response having been filed by [Appellant] and after a review of the entire record and the [c]ourt having determined there are no meritorious issues or claims, it is ORDERED that [Appellant's] PCRA Petition be and hereby is DISMISSED.

Order, 2/24/16. Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a responsive opinion. The PCRA court held:

the exercise of the authority to correct a patent error in the sentencing order by giving additional time credit does not render the judgment of sentence unfinal and confer jurisdiction to entertain the *Alleyne* claim raised by [Appellant].

\* \* \*

Therefore, although the sentencing order was correctly amended to grant the additional time credit as requested, [Appellant's] PCRA petition was appropriately dismissed as untimely.

PCRA Ct. Op., 7/12/16, at 5-6.

Appellant raises the following issue for our review:

1. Whether [Appellant] must be re-sentenced at count 1 at CP-02-CR-0016893-2007 without an application of or regard for the mandatory minimum sentence at 18 Pa.C.S. § 7508(a)(7)(i) as said statutory provision is unconstitutional—as violating his right to trial by jury under Article I, Section 9 of the Pennsylvania Constitution and/or Sixth and Fourteenth Amendments to the United States Constitution—in its entirety?

---

[3] The order was docketed on January 19, 2016.

Appellant's Brief at 3. Appellant avers "[t]his claim is based on the decision in ***Alleyne v. United States***, [ ] 133 S. Ct. 2151 (2013) . . . ." ***Id.*** at 7. Appellant contends that

> [i]n the instant PCRA proceeding, [he] sought, *inter alia*, additional credit for time served. Such an error is patent and subject to correction at any time.[4] Once additional credit was awarded in January 2016, [Appellant's] sentence was rendered unfinal. While ***Alleyne*** does not apply retroactively to cases where direct review has concluded prior to the June 17, 2013 decision in ***Alleyne***,[5] because the sentence in the instant matter was rendered unfinal, ***Alleyne*** is directly applicable here.

***Id.*** at 7-8 (citations to the record and footnotes omitted).

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of

---

[4] Appellant cites ***Commonwealth v. Martz***, 926 A.2d 514 (Pa. Super. 2007). In ***Martz***, this Court opined the trial court had jurisdiction to amend the defendant's sentence within 30 days after its entry. ***Id.*** at 525.

> Once this 30–day period has expired or once a defendant files a notice of appeal, however, the trial court is without jurisdiction to alter or modify its order. The trial court can correct a mistake that is patent or obvious, such as the trial court's correction of credit for time served.

***Id.*** (citations omitted).

[5] *See* ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding ***Alleyne*** does not apply retroactively to cases pending on collateral review).

legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

As a prefatory matter, we consider whether the PCRA petition is timely. The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Commonwealth v. Marshall*, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted).

In *Commonwealth v. McKeever*, 947 A.2d 782 (Pa. Super. 2008), this Court addressed the issue of when the clock is reset for finality of the judgment of sentence. The *McKeever* court opined:

> The Eastern District Court's grant of federal *habeas corpus* relief as to [the a]ppellant's corrupt organizations convictions does not "reset the clock" for the finality of [the a]ppellant's judgment of sentence so as to make the present PCRA petition [the a]ppellant's "first" for timeliness purposes. To explicate, as we held in *Commonwealth v. Dehart*, 730 A.2d 991, 994 n. 2 (Pa. Super. 1999), a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where **the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only**. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction. *Id.*

*Id.* at 785 (emphasis added).

Appellant was sentenced on August 18, 2011. Appellant did not file an appeal to this Court. Thus, his judgment of sentence became final on

September 19, 2011.[6]  **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Appellant generally had until September 19, 2012, to file his PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1).  Therefore, because Appellant filed the instant PCRA petition on July 17, 2015, his petition is patently untimely.[7]

The relief granted neither restored Appellant's direct appeal rights nor disturbed his conviction.  **See McKeever**, 947 A.2d at 785.  The grant of additional credit for time served only affected his sentence.  It did not reset the clock for the calculation of the finality of his judgment of sentence.  **See id.**  Thus, his PCRA petition, filed on July 17, 2015, remains untimely. **Alleyne** does not apply retroactively to an untimely PCRA.  **See Washington**, 142 A.3d at 820.  Appellant did not plead and prove any exception to the PCRA's timeliness requirement.  **See Marshall**, 947 A.2d at 719-20; **Lawson**, 90 A.3d at 5.  Therefore, the PCRA court lacked jurisdiction to consider the legality of Appellant's sentence.  **See Davis**, 86

---

[6] Thirty days from August 18th fell on a Saturday.  **See** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

[7] We note that Appellant does not argue that any of the timeliness exceptions apply in the instant case.  **See Marshall**, 947 A.2d at 719-20.

A.3d at 887. The PCRA court did not err in dismissing his PCRA petition as untimely. *See Pitts*, 981 A.2d at 878; *Marshall*, 947 A.2d at 719-20.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016