J-S29007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT FRANKLIN, | |
| Appellant | No. 130 EDA 2019 |

Appeal from the PCRA Order Entered November 29, 2018
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000743-2004

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JULY 15, 2019**

Appellant, Vincent Franklin, appeals from the post-conviction court's November 29, 2018 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his appeal. The PCRA court summarized the procedural history of his case, as follows:

> On March 18, 2005, a jury found [Appellant] ... guilty of one count each of [r]ape, [i]nvoluntary [d]eviate [s]exual [i]ntercourse, [a]ggravated [i]ndecent [a]ssault, and [i]ndecent [a]ssault. On July 8, 2005, Judge William F. Moran sentenced [Appellant] to a term of imprisonment of twenty-five (25) to fifty (50) years in the aggregate.
>
> On November 14, 2005, the trial court denied [Appellant's] [p]ost[-s]entence [m]otions. On September 7, 2006, the Superior Court of Pennsylvania affirmed [Appellant's] judgment of

sentence. [***Commonwealth v. Franklin***, 911 A.2d 179 (Pa. Super. 2006) (unpublished memorandum).]

In his [p]ost-sentence [m]otions and his subsequent appeal to the Superior Court, [Appellant] attacked the conviction arguing that the trial court erred in not acquitting [Appellant] because the Commonwealth could not fix "… the date of the crimes with sufficient particularity and that the charges were impossible to defend." ***See*** Statement of Matters Complained of on Appeal[ 1/24/06, at] ¶ 3.… Additionally, [Appellant] complained that the trial court's jury instructions were defective and violated due process as … [the court] fail[ed] to properly instruct the jury that the Commonwealth must fix the date of the offenses. ***See*** [***id.***].…

On February 22, 2007, the Supreme Court of Pennsylvania denied [Appellant's] [p]etition for [a]llowance of [a]ppeal, which … [made final Appellant's] 2005 [judgment of sentence]. [***Commonwealth v. Franklin***, 917 A.2d 313 (Pa. 2007).]

On December 4, 2007, [Appellant] timely filed his first [PCRA] … petition. The [petition] raised numerous issues including[] ineffective assistance of trial counsel, lack of specificity of the indictment, and attacks regarding defects in the jury instruction for not requiring the Commonwealth to fix a date certain for the offenses. After an evidentiary hearing on March 19, 2008, the PCRA court denied [Appellant's] [p]etition on June 13, 2008. The Superior Court affirmed on February 10, 2009[, and] [o]n June 12, 2009, the Supreme Court of Pennsylvania denied [Appellant's] [p]etition for [a]llowance of [a]ppeal. [***Commonwealth v. Franklin***, 970 A.2d 467 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 973 A.2d 1005 (Pa. 2009).] [Appellant] filed two subsequent PCRA petitions [o]n July 11, 2011, and August 16, 2013, raising similar claims regarding the inability of the Commonwealth to fix a date certain for [Appellant's] crimes. The second and third PCRA [p]etitions [were] dismissed as untimely after the circulation of proper notices pursuant to Pa.R.Crim.[P]. 907. Both dismissals were appealed and affirmed by the Superior Court. [***Commonwealth v. Franklin***, 2732 EDA 2013, unpublished memorandum (Pa. Super. filed May 9, 2014) (not reported in A.3d); ***Commonwealth v. Franklin***, 62 A.3d 459 (Pa. Super. 2012) (unpublished memorandum).]

[Appellant] filed a [petition for writ of] *habeas* [*corpus*] … in [f]ederal [c]ourt on August 6, 2009. … [Appellant] sought to

pursue the same claims attacking his conviction as he raised before the Commonwealth Courts. In the Third Supplemental Report and Recommendation of U.S. Magistrate Judge Timothy R. Rice, [the judge] opined that [Appellant's] sentence for … [r]ape was illegal [because it exceeded the statutory maximum in effect at the time of his offense]. On October 9, 2013, Judge Shapiro of the Eastern District of Pennsylvania approved and adopted the Third Supplemental Report and Recommendation[,] granting [Appellant's] [p]etition for [w]rit of [*h]abeas [c]orpus*, vacat[ing] [Appellant's] sentence for [r]ape, and remand[ing] this matter … for resentencing. However, we note that [Appellant's] 2005 conviction[s] remained undisturbed.

On May 23, 2014, we resentenced [Appellant], recognizing Judge Moran's (now retired) original sentencing scheme, to the same aggregate sentence as originally imposed by Judge Moran. [Appellant] appealed our 2014 sentence. It was affirmed by the Superior Court on December 18, 2015[, and] [o]n September 23, 2016, the Supreme Court of Pennsylvania denied [Appellant's] Petition for Allowance of Appeal. [**Commonwealth v. Franklin**, 135 A.3d 662 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 145 A.3d 723 (Pa. 2016).]

PCRA Court Opinion (PCO), 11/29/18, at 1-3.

On July 27, 2017, Appellant filed the PCRA petition underlying the present appeal. Counsel was appointed and an evidentiary hearing was conducted. On November 29, 2018, the PCRA court dismissed Appellant's petition as being untimely filed, and it also noted that, in any event, his claims had been previously litigated. Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its opinion on November 29, 2018.

Herein, Appellant presents three questions for our review:

1. Whether trial counsel and appellate counsel were ineffective for failing to raise in post[-]sentencing motions or [on] appeal the

- 3 -

constitutionality of Pennsylvania law that permits the vague time of fixing the time of offenses in the information denying Appellant a fair trial and denying Appellant's 14th Amendment rights to due process?

2. Whether trial counsel and appellate counsel were ineffective for failing to raise in post[-]sentencing motion[s] or [on] appeal the failure of trial counsel to object to the jury instruction of the trial judge that[,] "You need not figure out the date as long as it occurred within the period of January 1, 2001 and January 30, 2004[,"] … which instruction denied Appellant's due process rights guaranteed by the U.S. Constitution and in violation of suggested Pennsylvania Standard Jury Instruction 3.19[,] which applies only to a single act as stated by subcommittee comment 3.19(E) and denying Appellant's 14th Amendment rights to due process?

3. Whether trial counsel and appellate counsel were ineffective for failing to raise the constitutionality of Pennsylvania law that permits the inadequacy of notice of the date of the criminal charges in the information/criminal complaint and denying … Appellant's 14th Amendment rights to due process?

Appellant's Brief at 3 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

- 4 -

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's initial judgment of sentence became final on May 23, 2007, at the expiration of the 90-day time-period for filing a petition for writ of *certiorari* with the United States Supreme Court from the Pennsylvania Supreme Court's February 22, 2007 denial of his petition for allowance of appeal from that judgment of sentence.  As discussed *supra*, Appellant was

---

[1] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

resentenced on May 23, 2014, after the federal court vacated his sentence for rape, concluding that it exceeded the statutory maximum applicable to that offense. *See Franklin v. Klopotoski*, 2013 WL 5468228 (E.D. Pa. 2013) (not reported in F.Supp.2d).[2] However, the Commonwealth contends that Appellant's resentencing only 'reset' the clock for PCRA claims "related to his resentencing hearing." Commonwealth's Brief at 7. Because "Appellant's issues in this matter … relate to the criminal information and jury instructions, [they] do not relate to his [new] sentence and[,] therefore[, they] are untimely." *Id.* In support of this position, the Commonwealth relies on *Commonwealth v. McKeever*, 947 A.2d 782 (Pa. Super. 2008). There, we held that "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." *Id.* at 785; *see also Commonwealth v. DeHart*, 730 A.2d 991 (Pa. Super. 1999) (same).

We agree with the Commonwealth's argument. Appellant's *habeas* petition affected only his sentence and, therefore, under *McKeever* and *DeHart*, it did not 'reset the clock' for post-conviction claims pertaining to his

_____

[2] We observe that Appellant was resentenced for *all* of his convictions, despite that the federal court's order only vacated his sentence for his rape offense. Appellant challenged the legality of his resentencing on direct appeal, and we concluded that it was legal. *See Commonwealth v. Franklin*, No. 209 EDA 2015, unpublished memorandum at 5-8 (Pa. Super. filed Dec. 8, 2015).

underlying convictions that became final in 2007. ***See also Commonwealth v. Lesko***, 15 A.3d 345, 366 (Pa. 2011) ("In light of the nature of PCRA review, the limited effect of federal proceedings on a final state criminal judgment, and the nature of federal *habeas* relief, we conclude that Lesko's 'right' to first petition PCRA review is necessarily confined to that part of the final Pennsylvania judgment that was disturbed by the federal *habeas* proceedings[, *i.e.*, Lesko's penalty phase proceeding]. All other aspects of the original judgment remain as before — **final**.") (emphasis in original). Thus, Appellant's petition is patently untimely, and he must plead and prove the applicability of a timeliness exception to trigger our jurisdiction to review the merits of those claims. Appellant fails to meet this burden, as he does not argue that any timeliness exception applies. Consequently, the court properly denied his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19