J-S29042-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVIS GARRETTE, | : | |
| | : | |
| Appellant | : | No. 1643 EDA 2020 |

Appeal from the PCRA Order Entered August 24, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011940-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVIS GARRETTE, | : | |
| | : | |
| Appellant | : | No. 1644 EDA 2020 |

Appeal from the PCRA Order Entered August 24, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011986-2011

BEFORE:    PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 08, 2021**

Appellant Travis Garrette appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely filed.  After careful review, we affirm.

---

*Retired Justice specially assigned to the Superior Court.

The relevant facts and procedural history have been set forth previously by this Court, in part, as follows:

On October 26, 2011, the Commonwealth filed an information at docket number CP–51–CR–11939–2011,[1] charging Appellant with one count each of firearms not to be carried without a license, attempted theft by unlawful taking, carrying firearms in public in Philadelphia, [possession of an instrument of crime (PIC)], and prohibited offensive weapons. That same date, the Commonwealth filed a second information at docket number CP–51–CR–11940–2011, charging Appellant with one count each of robbery, firearms not to be carried without a license, theft by unlawful taking, carrying firearms in public in Philadelphia, PIC, prohibited offensive weapons, simple assault, and recklessly endangering another person (REAP). That same day, the Commonwealth filed a third information at docket number CP–51–CR–11986–2011, charging Appellant with one count each of the same eight offenses as at docket number CP–51–CR–11940–2011.

Appellant proceeded to a consolidated bench trial on all three docket numbers on September 23, 2013, at the conclusion of which the trial court found Appellant guilty of two counts of robbery, and three counts each of PIC and prohibited offensive weapons.  On December 2, 2013, the trial court imposed an aggregate sentence of 8 to 16 years' imprisonment. On December 11, 2013, Appellant filed a timely post-sentence motion, which the trial court denied on December 16, 2013. On January 6, 2014, Appellant filed a timely notice of appeal.

*Commonwealth v. Garrette*, 134 A.3d 478 (Pa.Super. November 4, 2015) (unpublished memorandum at 2-3) (footnotes omitted).  On November 4, 2015, this Court affirmed the judgment of sentence.  Appellant did not file a petition for allowance of appeal with our Supreme Court.

---

[1] This docket is not part of the instant appeal.

On October 14, 2016, Appellant filed a timely *pro se* PCRA petition. The

PCRA court summarized the subsequent procedural history as follows:

> [Appellant's *pro se* petition] raised issues concerning imposition of an unconstitutional sentence on the robbery charge where the [sentencing c]ourt imposed a minimum mandatory sentence of 5-10 years, as well as several claims relating to ineffectiveness of trial counsel. A counseled Amended PCRA Petition was filed on December 16, 2016 and a Supplement to said petition was filed on December 19, 2016. Those petitions raise only two (2) issues: [imposition of] unconstitutional sentence and counsel's ineffectiveness for failure to call an alibi witness at trial. The Commonwealth did not oppose Appellant's sentencing claim, and on December 15, 2017, th[e PCRA c]ourt granted Appellant's PCRA petition insofar as the unconstitutional sentencing on the robbery charge and denied relief on the ineffectiveness of counsel (for failing to call an alibi witness). On said date Appellant's mandatory minimum sentence for the robbery charge was vacated and he was re-sentenced to 5-10 years to run consecutive to his remaining sentences. Appellant's motion for reconsideration of sentence was denied and Appellant filed a 2nd Notice of Appeal to the Superior Court. On June 27, 2018 said appeal was discontinued.
>
> Appellant filed a 2nd *pro se* PCRA petition on May 23, 2019 alleging ineffective assistance of trial counsel for a litany of perceived errors made a[t] trial. A counseled Amended PCRA petition was filed on November 13, 2019 raising the same issues concerning ineffectiveness of trial counsel. Following a hearing on July 13, 2020, Appellant's 2nd PCRA petition was dismissed based upon a finding that it was untimely.

PCRA Court Opinion, 12/10/2020, at 2 (footnote and citation omitted). This

timely appeal followed.[2]

On appeal, Appellant sets forth the following issues in his "Statement of

the Questions Involved" (verbatim):

---

[2] This Court *sua sponte* consolidated Appellant's notices of appeal.

(1) The trial court committed error when it dismissed the petitioner's counseled PCRA petition after reaching the conclusion that the *pro se* petition dated May 23, 2019 was un-timely filed.

(2) Was PCRA counsel ineffective and/or the trial court in error when they failed to address the issue of alibi witnesses which was raised in the PCRA?

Appellant's Brief at 5.

Our standard of review is as follows:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

_____

[3] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." ***See id.***, cmt. Appellant filed the instant PCRA petition on May 23, 2019.

In the case *sub judice*, Appellant did not invoke any of the timeliness exceptions in his facially untimely PCRA petition. Rather, he averred that his judgment of sentence became final for purposes of the PCRA upon discontinuance of his direct appeal from the December 15, 2017 judgment of sentence imposed following his resentencing.

Because Appellant filed his petition within one year of the discontinuance, he argued that his petition was timely filed. Amended PCRA Petition, 11/13/2019, at 2. However, the PCRA court concluded that the granting of Appellant's first PCRA petition, which resulted in the resentencing, did not reset the clock for purposes of timeliness under the PCRA. PCRA Court Opinion, 12/10/2020, at 7-9.

In **Commonwealth v. McKeever**, 947 A.2d 782 (Pa.Super. 2008), this Court addressed the issue of when the clock is reset for finality of the judgment of sentence as follows.

> The Eastern District Court's grant of federal *habeas corpus* relief as to [the a]ppellant's corrupt organizations convictions does not "reset the clock" for the finality of [the a]ppellant's judgment of sentence so as to make the present PCRA petition [the a]ppellant's "first" for timeliness purposes. To explicate, as we held in **Commonwealth v. Dehart**, 730 A.2d 991, 994 n. 2 (Pa. Super. 1999), a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction. **Id.**

**Id.** at 785.

In this case, the PCRA court granted Appellant relief from his first PCRA petition. However, the court's relief affected only Appellant's sentence. Therefore, pursuant to **McKeever**, Appellant's successful PCRA petition did not reset the clock for timeliness purposes under the PCRA.

Thus, as this Court affirmed the original judgment of sentence on November 4, 2015 and Appellant did not file a petition for allowance of appeal, Appellant's judgment of sentence became final on December 4, 2015, the date on which Appellant's time for seeking review with our Supreme Court on direct appeal from his original judgment of sentence expired. Appellant had one year from that date to file timely any PCRA petition.

Appellant's instant petition, filed on May 23, 2019, is patently untimely and does not invoke any of the statutory timeliness exceptions. Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 11/8/2021*

- 7 -