J-S11005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN P. ST. VINCENT, | |
| Appellant | No. 2012 WDA 2015 |

Appeal from the PCRA Order of November 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009578-2012

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 31, 2017**

Appellant, John P. St. Vincent, appeals *pro se* from the order entered on November 30, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 13, 2013, Appellant pleaded guilty to two counts of robbery (threatens another with or intentionally puts him in fear of immediate serious bodily injury)[1] and the trial court sentenced him to serve an aggregate term of seven to 14 years in prison, followed by five years of probation.  Appellant did not file a post-sentence motion or a direct appeal from his judgment of sentence.

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

*Former Justice specially assigned to the Superior Court.

On June 26, 2013, Appellant filed a PCRA petition and the PCRA court appointed counsel to represent Appellant. Within the amended PCRA petition, Appellant claimed that the "trial court imposed an illegal sentence [] when it failed to state [Appellant's] eligibility for the RRRI program on the record during [Appellant's] sentencing hearing." Appellant's Amended PCRA Petition, 3/18/14, at 3. The Commonwealth answered the petition and "agree[d] that a resentencing hearing is necessary in order to address the sole issue of RRRI eligibility." Commonwealth's Answer to PCRA Petition, 4/11/14, at 1.

Therefore, on May 28, 2014, the trial court held a resentencing hearing and explicitly addressed Appellant's non-eligibility for RRRI. Certainly, by virtue of the fact that Appellant pleaded guilty to two counts of robbery (threatens another with or intentionally puts him in fear of immediate serious bodily injury), Appellant was not RRRI eligible. **See** 61 Pa.C.S.A. §§ 4505(c) and 4503; 18 P.S. § 11.103. As such, that day, the trial court resentenced Appellant to the same term of imprisonment that it originally sentenced Appellant: an aggregate term of seven to 14 years in prison, followed by five years of probation. Resentencing Hearing, 5/28/14, at 2-3; **see also** Modified Order of Sentence, 5/28/14, at 1.

On February 26, 2015, Appellant filed the current PCRA petition, *pro se*. Within this PCRA petition, Appellant claimed that his trial counsel was ineffective for coercing his guilty plea and that his appellate counsel was ineffective for failing to claim that Appellant's plea was coerced. Appellant's

Memorandum to Second PCRA Petition, 2/26/15, at 1. Appellant neither acknowledged that his petition was untimely nor pleaded a statutory exception to the PCRA's one-year time-bar. *See* Appellant's Second PCRA Petition, 2/26/15, at 1-9; Appellant's Memorandum to Second PCRA Petition, 2/26/15, at 1-3.

The PCRA court viewed Appellant's PCRA petition as a second petition under the PCRA and, thus, did not appoint counsel to represent Appellant during the proceedings.

On August 14, 2015, the PCRA court issued Appellant notice that it intended to dismiss Appellant's second PCRA petition in 20 days, without holding a hearing, as the petition was untimely. PCRA Court Order, 8/14/15, at 1; Pa.R.Crim.P. 907. Appellant did not file a meaningful response to the PCRA court's Rule 907 notice and, on November 29, 2015, the PCRA court finally dismissed Appellant's petition. PCRA Court Order, 11/29/15, at 1. Appellant filed a notice of appeal to this Court. We affirm.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts,

- 3 -

we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In this case, Appellant was originally sentenced on March 13, 2013 and Appellant did not file a direct appeal from his judgment of sentence. Instead, on June 26, 2013, Appellant filed a PCRA petition and claimed that his sentence was illegal because the trial court failed to explicitly state Appellant's "eligibility for the RRRI program on the record during [Appellant's] sentencing hearing." Appellant's Amended PCRA Petition, 3/18/14, at 3. The PCRA court partially granted Appellant relief, remanded the case for resentencing, and, during the May 28, 2014 resentencing

hearing, the trial court reimposed Appellant's original sentence. Appellant then filed the current PCRA petition on February 26, 2015.

As this Court has held: "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); ***Commonwealth v. DeHart***, 730 A.2d 991 (Pa. Super. 1999) (same); ***see also Commonwealth v. Johnson***, ___ A.3d ___, 2016 WL 687291 (Pa. Super. 2016) (unpublished memorandum) (the petitioner was sentenced and filed a PCRA petition, claiming that counsel was ineffective for failing to "move for a reduction in [the petitioner's] sentence pursuant to the [RRRI] Act;" the PCRA court granted the petitioner relief on the RRRI claim, vacated the sentence, and the trial court later resentenced the petitioner to the same sentence as was originally imposed; when the petitioner filed a PCRA petition after resentencing, this Court held that the petitioner's PCRA petition was an untimely, second PCRA petition because, pursuant to ***McKeever*** and ***DeHart***, "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, **affected his sentence only**. Here,

the PCRA court's ministerial task of indicating that [the petitioner] was not RRRI eligible did not reset the clock for purposes of a subsequent PCRA petition") (internal citations and some quotations omitted) (emphasis in original); *see also Commonwealth v. Lesko*, 15 A.3d 345, 366 (Pa. 2011) ("Lesko's 'right' to first petition PCRA review is necessarily confined to that part of the final Pennsylvania judgment that was disturbed by the federal *habeas* proceedings. All other aspects of the original judgment remain as before – **final**") (emphasis in original).

This Court is bound by *McKeever* and *DeHart*. Therefore, we must conclude that, since "the relief granted in the first petition neither restored [Appellant's] direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only," Appellant's "successful first PCRA petition [did] not 'reset the clock' for the calculation of the finality of [Appellant's] judgment of sentence for purposes of the PCRA." *See McKeever*, 947 A.2d at 785. Hence, in accordance with *McKeever* and *DeHart*, we must conclude that, since Appellant does not raise any claim related to his resentencing, Appellant's current PCRA petition constitutes his second petition under the PCRA and that, since Appellant did not file a direct appeal from his judgment of sentence, his judgment of sentence became final at the end of the day on April 12, 2013, which was 30 days after Appellant was originally sentenced in open court and the time for filing a direct appeal to this Court expired. 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final

at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); **see also** Pa.R.A.P. 903(a).

The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until April 12, 2014 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1).  As Appellant did not file his current petition until February 26, 2015, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case.  **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant did not attempt to plead any exception to the PCRA's one-year time-bar.  Thus, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief."  **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011).  Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2017