J-S35012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG E. MOSS | : | |
| | : | |
| Appellant | : | No. 664 MDA 2025 |

Appeal from the PCRA Order Entered April 29, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001036-1996

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                **FILED: NOVEMBER 7, 2025**

Appellant, Craig E. Moss, appeals *pro se* from an April 29, 2025 order denying his serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A panel of this Court previously summarized the relevant factual and lengthy procedural history of this case as follows.

> At the above docket, [Appellant] was charged with arson, criminal mischief, and eight counts of reckless endangerment. These charges arose after information obtained from a confidential informant led to [Appellant's] arrest for setting a fire on April 15, 1996 in the apartment of Robert Eyler, an individual with whom [Appellant] previously had a violent argument.  The fire resulted in significant damage to eight apartments in the building.  When [Appellant] was charged with these offenses, he was already facing robbery and theft charges at another docket resulting from an incident at a Best Western motel.
>
> On January 13, 1997, [Appellant] agreed to plead *nolo contendere* to the arson charge in exchange for the [withdrawal of] all remaining charges at both dockets. On March 5, 1997,

the trial court sentenced [Appellant] to 42 to 240 months of imprisonment, a $300.00 fine, and $81,535.51 in restitution, which included $423.50 payable to Best Western, and $4,305.00 payable to Mr. Eyler.

On March 25, 1997, the trial court denied [Appellant's] motion to withdraw his plea and his motion to modify sentence. On April 7, 1997, [Appellant's] trial counsel was permitted to withdraw after [Appellant] claimed counsel mispresented certain facts in order to get [Appellant] to plead *nolo contendere*. The trial court appointed new counsel. In his direct appeal, [Appellant] claimed that the trial court abused its discretion in denying his motion to withdraw his plea and [his challenge to] the discretionary aspects of his sentence. Finding no merit to either claim, we affirmed [Appellant's] judgment of sentence on December 5, 1997. ***Commonwealth v. Moss***, 706 A.2d 1256 (Pa. Super. 1997)([non-precedential decision]). [Appellant] did not seek further review.

On June 5, 1998, [Appellant] filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. Although PCRA counsel filed an amended petition on [Appellant's] behalf, this counsel was permitted to withdraw after counsel received a letter from [Appellant] containing the threat of "hanging his fat communist ass from a streetlight in front of [his] office." Trial Court Order, 1/15/99. Thereafter, the PCRA court appointed new counsel, who filed a second amended PCRA petition on [Appellant's] behalf on May 3, 1999.

On August 10, 1999, the PCRA court held an evidentiary hearing at which [Appellant], his mother, and trial counsel testified. Following the hearing, the PCRA court entered an order dismissing [Appellant's] petition. [Appellant] filed a timely appeal. On November 17, 1999, [Appellant] filed an application to dispense with counsel and proceed *pro se*. The PCRA court granted [Appellant's] motion.

In that [collateral appeal, Appellant] challenged the effectiveness of trial and appellate counsel, and asserted that the eligibility requirements of the PCRA were unconstitutional. On April 27, 2001, we affirmed based on the PCRA court's opinion, and our Supreme Court denied [Appellant's] petition for allowance of appeal on October 1, 2001. ***Commonwealth v. Moss***, 778 A.2d 736 (Pa. Super. 2001) ([non-precedential decision]), *appeal denied*, 788 A.2d 374 (Pa. 2001).

[Appellant] filed his second *pro se* PCRA petition on October 12, 2001, and the PCRA court dismissed the petition without a hearing on December 11, 2001. [Appellant] appealed. Concluding that [Appellant's] serial petition was untimely, and noting that [Appellant] did not argue any time-bar exception, this Court affirmed the denial of post-conviction relief on October 30, 2002. ***Commonwealth v. Moss***, 816 A.2d 332 (Pa. Super. 2002) ([non-precedential decision]).

Thereafter, [Appellant] filed two more *pro se* PCRA petitions, both of which were denied. On October 17, 2005, [Appellant] filed another *pro se* PCRA petition, his fifth. On November 2, 2005, the PCRA court denied [Appellant's] serial petition without a hearing. [Appellant] appealed to this Court [claiming] he wished to challenge the legality of his sentence insofar as it included an excessive and/or unsupported amount of restitution. With regard to timeliness, [Appellant] baldly asserted that his inability to file a timely petition was caused by the interference of government officials in that the Department of Corrections failed [to] provide him with an adequate law library and legal assistance. Rejecting this time-bar claim, as well as [Appellant's] attempt to raise an equitable exception to the PCRA's time bar, we affirmed the PCRA court's order denying [] post-conviction relief on February 2, 2007. ***Commonwealth v. Moss***, 919 A.2d 974 (Pa. Super. 2007) (non-precedential decision).

Over the next [12] years, [Appellant] filed no further [petitions] at this docket. On September 29, 2017, he filed a *pro se* document entitled, "Motion to Vacate and Correct Illegal Sentence." Therein, [Appellant] requested that the court below modify or vacate illegal aspects of his sentence of restitution under 18 Pa.C.S.A. § 1106. In addition, [Appellant] averred that he was not given adequate credit for time served prior to his sentencing hearing in March of 1997. Therefore, [Appellant] requested the court to vacate his illegal sentence and conduct a new sentencing hearing. The court below treated this filing as a serial PCRA petition and issued a Pa.R.Crim.P. 907 notice [of] its intent to dismiss it without a hearing. [Appellant] filed a *pro se* response. By order of court entered July 6, 2018, the PCRA court dismissed the petition.

[Appellant] appealed. On January 3, 2019, this Court filed a memorandum in which we affirmed in part, vacated in part, and remanded for further proceedings. We affirmed the court's

order insofar as it denied [Appellant's] time-credit claim. However, citing relevant case law interpreting Section 1106 to permit a criminal defendant to seek a modification or amendment of a restitution order at any time directly from the trial court, we agreed with [Appellant] that the court below erred in treating his restitution claim as cognizable under the PCRA and deeming it untimely. Accordingly, we vacated the court's order to the extent it denied [Appellant's] motion to modify restitution, and we remanded for the court to assess the merits of that issue. *See Commonwealth v. Moss*, 209 A.3d 476 (Pa. Super. 2019) (non-precedential decision).

Following remand, the trial court held a hearing on February 25, 2019. On April 16, 2019, the trial court denied [Appellant's] motion. [Appellant] appealed. On January 6, 2020, this Court affirmed [Appellant's] judgment of sentence in part and again remanded for resentencing on the issue of restitution. Specifically, we found that the trial court improperly deferred the determination of the amount of restitution to be paid by [Appellant] to the county probation department. On remand, we directed the trial court to determine the correct amount of restitution. *See Commonwealth v. Moss*, 226 A.3d 611 (Pa. Super. 2020) (non-precedential decision). In addition, this Court *sua sponte* found that, since the Commonwealth *nolle prossed* the charges forming the basis for the damages to Best Western, [Appellant] was not criminally liable for those damages. Thus, we directed the trial court not to reimpose the restitution award to Best Western.

Following the second remand, the trial court held a restitution hearing on June 4, 2020. At that time, [Appellant] sought to make a statement to the court, which the trial court denied. The trial court the[n] heard testimony and was presented other evidence regarding the amount still owed to the owner of the apartment building and the insurance company. Because the Commonwealth failed to present any evidence as to the losses sustained by Mr. Eyler, the court did not reimpose the $4,305.00 order to him. Additionally, pursuant to this Court's directive, the trial court also did not reimpose the restitution award to Best Western. However, noting that [Appellant] had already made restitution payments toward those previously-imposed awards, the court directed [Appellant] to file a motion as to the manner in which those payments should be returned to [Appellant] or applied to his still outstanding restitution obligations.

- 4 -

[Appellant] appealed. On May 21, 2021, this Court vacated [Appellant's] judgment of sentence because the trial court erred in denying [Appellant] the opportunity to address the court at resentencing. *See Commonwealth v. Moss*, 255 A.3d 1270 (Pa. Super. 2021) (non-precedential decision). We directed the trial court on remand to resentence [Appellant] in accordance with this Court's January 6, 2020, memorandum. *Id.*

Before another remand hearing was held, however, on June 24, 2021, [Appellant] filed [his seventh] *pro se* PCRA petition[.] On July 7, 2021, the PCRA court entered an order stating that no action would be taken on this petition because [Appellant's] resentencing hearing was pending. The court directed [Appellant] to refile his petition once that hearing was completed.

On July 12, 2021, the trial court held another resentencing hearing and, pursuant to this Court's remand [order], permitted [Appellant] to address the court. At the hearing's conclusion, the trial court reimposed restitution as to the apartment building owner and the insurance company. Once again, it did not reimpose the restitution awards to Mr. Eyler or Best Western. At that time, the court indicated that it was unsure how to accomplish repayment for the restitution payments [Appellant] had made that were applied to those vacated awards. Therefore, as part of its July 12, 2021 restitution order, the court permitted [Appellant] the opportunity to file a memorandum of law setting forth relevant precedent and a proposed procedure for repayment.

Thereafter, [Appellant] filed a memorandum but did not propose a mechanism for repayment. The Commonwealth did not file a brief or propose any mechanism for repayment. After considering this Court's prior decisions, the trial court concluded that "it would be manifest injustice to order [Mr.] Eyler and Best Western to repay the money that had been erroneously paid to them many years ago by no fault of their own." Order, 8/9/21, at 2. Therefore, the court issued a payment order, which directed the [] Clerks of Courts [for Franklin County] to issue a check to [Appellant] in the amount of $4,728.50 for repayment of the restitution award paid to Mr. Eyler ($4,305.00), and Best Western ($423.50).

Several filings occurred following the issuance of that payment order. On August 16, 2021, the trial court, *sua sponte*, entered

- 5 -

an order scheduling a hearing related to its payment order for
September 9, 2021. Before that order was filed, however,
[Appellant] filed a *pro se* notice of appeal from the July 12, 2021
restitution order. Therefore, the trial court cancelled the
scheduled hearing and stayed the payment order pending
resolution of [Appellant's] appeal.

On September 2, 2021, the Clerk of Courts filed a notice of
appeal to the Commonwealth Court from the payment order,
which the Commonwealth Court transferred to this Court. On
December 13, 2022, this Court vacated the payment order and
remanded for proceedings consistent with our decision. ***See
Commonwealth v. Moss***, 290 A.3d 672 (Pa. Super. 2022).
Importantly, we held that the trial court did not have authority
to order the Clerk of Courts to return funds that it did not
possess. ***Id.*** However, because Mr. Eyler and Best Western
actually received the sums awarded to them, we remanded to
allow the trial court the opportunity to direct repayment. ***Id.***

Following remand, the trial court held a restitution hearing on
May 15[,] 2023. At its conclusion, the trial court entered an
order vacating its prior directive that the Clerk of Courts pay
[Appellant] $4,728.50 for the return of restitution. Instead, the
court ordered Mr. Eyler, now deceased, to pay [Appellant]
$4,305.00, and Best Western, now defunct, to pay [Appellant]
$432.50. [Appellant] did not appeal this order.

Having entered a new restitution order as directed by this Court,
the PCRA court proceeded to address the [June 24, 2021] *pro
se* PCRA petition[.] On May 26, 2023, the PCRA court issued a
Pa.R.Crim.P. 907 notice of its intent to dismiss the petition
without a hearing. [Appellant] did not file a response. By order
entered July 19, 2023, the PCRA court denied [Appellant's]
2021 PCRA petition. [On April 23, 2024, we affirmed the PCRA
court's order, concluding that Appellant's 2021 PCRA petition
was untimely and that he failed to establish an exception to the
PCRA's time-bar].

***Commonwealth v. Moss***, 2024 WL 1740449, *1-*4 (Pa. Super. 2024)

(non-precedential decision) (footnotes omitted).

On December 11, 2024, Appellant filed the instant PCRA petition. In his

petition, Appellant challenged the validity of his *nolo contendere* plea and

claimed that the sentencing court failed to award him the requisite amount of time-credit.  On March 7, 2025, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss Appellant's PCRA petition without a hearing.  Appellant filed a *pro se* response on March 19, 2025.  On April 29, 2025, the PCRA court dismissed Appellant's PCRA petition.  This timely appeal followed.

Appellant raises the following issue for our consideration.

> Whether the PCRA court erred in denying Appellant relief where his 1997 plea was rendered involuntary by retroactive use of dismissed and *nol[le] prossed* charges in child custody proceedings, and whether the plea was therefore constitutionally defective[?]

Appellant's Brief at 2 (emphasis added).

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted).  "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on January 5, 1998,[1] 30 days after the time for filing a petition for allowance of appeal with our Supreme Court had elapsed. **See id.**; **see also** 1 Pa.C.S.A. § 1908 (explaining that, whenever the last day of any period of time in which to take action "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). Appellant, however, did not file the current PCRA petition until December 11, 2024, more than 25 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

_____

[1] As we discussed **supra**, Appellant was previously resentenced with respect to the amount of restitution owed. This relief, however, did not disturb the validity of Appellant's underlying conviction or his original judgment of sentence. This Court has stated that if an appellant receives relief that does "not affect the adjudication of guilt but merely the sentence imposed" it does not "'reset' the date used to determine the finality of judgment." **Commonwealth v. Dehart**, 730 A.2d 991, 993-994, n.2 (Pa. Super. 1998). Hence, for purposes of the instant appeal, Appellant's judgment of sentence became final on January 5, 1998. **See Commonwealth v. Lesko**, 15 A.3d 345, 366-367 (Pa. 2011); **see also Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008).

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant makes no attempt to invoke one of the enumerated exceptions to the PCRA's time-bar. Instead, Appellant seeks to have this Court invalidate his 1997 *nolo contendere* plea. Appellant claims that, recently, he was involved in a child custody proceeding in York County, Pennsylvania, and the trial court "relied on charges that [were] demised or *nol[le] prossed* under the 1997 plea [agreement] in [its] 'threat of harm' evaluation." Appellant's Brief at 2 (emphasis added). In Appellant's view, the court's reliance "contradicted the promises made in the 1997 plea" and "imposed severe, unforeseen consequences to [his] parental rights." *Id.* "Because Appellant could not have anticipated that dismissed charged would

- 9 -

later be used in custody proceedings," Appellant claims that his plea "was not entered knowingly, intelligently, or voluntarily." *Id.* at 5. In making these assertions, Appellant utterly fails to invoke an exception to the PCRA's timeliness requirements. Hence, neither the PCRA court nor this Court has jurisdiction over the instant claims for collateral relief. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2025