J-A29021-25

2026 PA Super 74

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LEROY KENNETH THOMAS :
:
Appellant : No. 575 WDA 2025

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009076-2013

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

OPINION BY OLSON, J.: **FILED: April 17, 2026**

Appellant, Leroy Kenneth Thomas, appeals from the April 29, 2025
revocation-of-probation of sentence entered in the Court of Common Pleas of
Allegheny County that imposed an aggregate sentence of seven to 20 years'
incarceration, to be followed by six years' probation, following the revocation
of his probation. Upon careful review, we vacate that revocation-of-probation
sentence and remand this matter for re-imposition of Appellant's October 25,
2021 revocation-of-probation sentence.[1]

_____

[1] We recognize that, as discussed in greater detail *infra*, Appellant's aggregate
October 25, 2021 revocation-of-probation sentence includes certain
punishments which are unlawful. Nonetheless, we are constrained to order
reimposition of that revocation-of-probation sentence. As we explain more
fully *infra*, the court of common pleas exercised jurisdiction under the Post
Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, to acquire the
authority to address the merits of Appellant's sentencing challenges, which he
initially asserted in his amended petition for collateral relief filed on November
27, 2024. The petition, however, was untimely and not subject to an
exception. As such, the PCRA court was without jurisdiction to exercise

By way of background, the record reveals that, on October 25, 2021, at trial court docket number CP-02-CR-02243-2021 ("Case CR-2243"), Appellant pleaded guilty to indecent assault – complainant less than 13 years of age and unlawful contact with minor – sexual offenses.[2]  As a result of his conviction in Case CR-2243, the trial court, on October 25, 2021, revoked Appellant's probation at trial court docket number CP-02-CR-0009076-2013 ("Case CR-9076") and resentenced Appellant to an aggregate sentence of seven to 20 years' incarceration to be followed by six years' probation.[3]  In

_____

authority to undertake collateral review of the merits of Appellant's sentencing claims.  From this, it follows that the trial court lacked power to resentence Appellant on April 29, 2025, even though his October 25, 2021 revocation-of-probation sentence was demonstrably illegal.  **See Commonwealth v. Fantauzzi**, 275 A.3d 986, 997-998 (Pa. Super. 2022) (agreeing that, because the PCRA court lacked jurisdiction to grant relief, the subsequent resentencing order was null and void *ab initio*), *appeal denied*, 289 A.3d 41 (Pa. 2022); **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (stating, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

[2] 18 Pa.C.S.A. §§ 3126(a)(7) and 6318(a)(1), respectively.  In Case CR-2243, the trial court sentenced Appellant to four to eight years' incarceration to be followed by three years' probation.  This Court affirmed Appellant's judgment of sentence on August 4, 2023.  **Commonwealth v. Thomas**, 304 A.3d 724, 2023 WL 4994485, at *1 (Pa. Super. filed Aug. 4, 2023) (unpublished memorandum).

[3] In Case CR-9076, Appellant pleaded guilty, on April 21, 2014, to involuntary deviate sexual intercourse with a child – complainant less than 13 years of age (Count 2), indecent assault – complainant less than 13 years of age (Count 3), sexual assault (Count 4), and indecent assault – without complainant's consent (Count 5).  18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 3124.1, and 3126(a)(1), respectively.  In exchange for Appellant's guilty plea,

fashioning its October 25, 2021 revocation-of-probation sentence, the trial court imposed mandatory terms of probation on Appellant's convictions of Counts 2 and 3 (Sections 3123(b) and 3126(a)(7) of the Crimes Code) pursuant to 42 Pa.C.S.A. § 9715.5(a) and subjected Appellant to lifetime registration as a Tier III sexual offender under Subchapter H of SORNA, codified at 42 Pa.C.S.A. §§ 9799.10 – 9799.42.[4] Appellant did not file a timely

_____

the Commonwealth agreed to withdraw the criminal charge of rape of a child (Count 1). 18 Pa.C.S.A. § 3121(c). Because Appellant was convicted of violating Sections 3123(b), 3126(a)(7), and 3124.1 of the Crimes Code, Appellant was subject to lifetime registration as a Tier III sexual offender under the Sex Offender Registration and Notification Act ("SORNA"). **See** 42 Pa.C.S.A. § 9799.15 (effective Dec. 20, 2012, to Feb. 20, 2018); **see also** 42 Pa.C.S.A. § 9799.14(d) (effective Dec. 20, 2012, to Sept. 1, 2014).

At the probation revocation and resentencing hearing, Appellant was represented by Casey White, Esquire ("Attorney White"). At the conclusion of the resentencing hearing, Attorney White requested that the trial court appoint new counsel for purpose of pursuing Appellant's post-sentence and appellate rights. N.T., 10/25/21, at 47-48. It does not appear, from a review of the trial court docket, that the trial court appointed new counsel to represent Appellant. The trial court, however, granted Attorney White's motion to withdraw as counsel on March 10, 2022, after Appellant's revocation-of-probation sentence had already become final.

[4] Section 9718.5 of the Sentencing Code states that "[a] person who is convicted in a court of this Commonwealth of an offense under [S]ection 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court." 42 Pa.C.S.A. § 9718.5. Section 9718.5 became effective on April 23, 2018. 2018, Feb. 21, P.L. 27, No. 10, § 5.1. Because Section 9718.5 became effective on April 23, 2018, long after the commission of Appellant's original sexual assault offenses in 2012, and his subsequent adjudication and sentencing in 2014, Appellant claimed, in his November 27, 2024 amended petition, that his revocation-of-probation sentence, which included a mandatory period of probation pursuant to Section 9718.5, was unlawful.

challenge to his revocation-of-probation sentence in Case CR-9076. As such, Appellant's revocation-of-probation sentence in Case CR-9076 became final on November 24, 2021, upon expiration of the time in which to seek an appeal.[5]

On April 8, 2022, Appellant filed *pro se* a motion requesting permission to file a post-sentence motion *nunc pro tunc*, which the trial court treated as a PCRA petition.[6] ***See Fantauzzi***, 275 A.3d at 995 (stating, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"). Brian Patrick McDermott, Esquire ("Attorney McDermott") was appointed as PCRA counsel to represent Appellant and, on August 3, 2022, Appellant filed an amended PCRA petition seeking reinstatement of his

---

[5] ***See*** Pa.R.A.P. 903(a) (stating, a notice of appeal "shall be filed 30 days after the entry of the order from which the appeal is taken"); ***see also*** 42 Pa.C.S.A. § 9545(b)(3) (stating that, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

[6] Appellant's PCRA petition in Case CR-9076 was timely because it was filed within one year of November 24, 2021, the date his revocation-of-probation sentence became final. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

post-sentence and appellate rights *nunc pro tunc*.[7]  On August 5, 2022, the PCRA court granted Appellant's petition.

On August 12, 2022, Appellant filed a post-sentence motion seeking reconsideration of his revocation-of-probation sentence, which the trial court denied on August 17, 2022.[8]  Appellant filed a notice of appeal on September 14, 2022.  On March 17, 2023, this Court, in a *per curiam* order, quashed Appellant's appeal because Appellant filed his notice of appeal "more than 30 days after the reinstatement of [his] appeal rights from a revocation-of-probation sentence."  *Per Curiam* Order (1082 WDA 2022), 3/17/23, *citing* **Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004) and Pa.R.Crim.P. 708(E).  As such, Appellant's revocation-of-probation sentence became final on September 6, 2022, upon expiration of the period

---

[7] In his amended petition, Appellant asserted that, at the conclusion of the October 25, 2021 probation revocation and resentencing hearing, he requested the appointment of counsel for the purpose of challenging his newly-imposed sentence.  Appellant further asserted, albeit incorrectly, that counsel was appointed but that, despite Appellant's request to do so, counsel failed to file a post-sentence motion challenging the revocation-of-probation sentence.  In other words, Appellant alleged abandonment of counsel and *per se* ineffective assistance of counsel.

[8] Although it may be inferred, by the actions he undertook on Appellant's behalf, that Attorney McDermott was appointed by the trial court to represent Appellant in proceedings relating to Appellant's restored post-sentence and direct appeal rights, the trial court did not expressly enter an order appointing Attorney McDermott as counsel.  Attorney McDermott's prior appointment as PCRA counsel did not automatically transfer to an appointment as counsel for purpose of post-sentence and direct appeal matters.  As discussed *infra*, the scope of each appointment is governed by separate Pennsylvania Rules of Criminal Procedure and are distinct appointments.

in which to file a timely notice of appeal from the reinstatement of his post-sentence and direct appeal rights.[9]  ***Commonwealth v. Brown***, 943 A.3d 264, 268 (Pa. 2008) (stating, "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review [has, therefore, become] unavailable, the one-year period allowed for the filing of a [PCRA] petition commences upon the actual expiration of the time period allowed for seeking direct review"); ***see also*** 42 Pa.C.S.A. § 9545(b)(3); ***Commonwealth v. McKeever***, 947 A.2d 782, 786 (Pa. Super. 2008) (stating that, the judgment of sentence "clock" is reset "only where direct appeal rights are restored or original conviction is disturbed" (*relying on* ***Commonwealth v. Dehart***, 730 A.2d 991, 994 n.2 (Pa. Super. 1999)); Pa.R.A.P. 903(a).

On July 22, 2024, Appellant filed *pro se* a PCRA petition.  Jacob McCrea, Esquire ("Attorney McCrea") was appointed as PCRA counsel.  On November 27, 2024, Appellant filed an amended petition asserting a claim that the imposition of the October 25, 2021 revocation-of-probation sentence, which

_____

[9] Appellant's post-sentence and direct appeal rights were reinstated on August 5, 2022.  Therefore, Appellant had until Tuesday, September 6, 2022, to file a timely notice of appeal.  ***See*** Pa.R.A.P. 903(a); ***see also*** 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"); 5 U.S.C.A. § 6103(a) (listing Labor Day, the first Monday in September (which in calendar year 2022, was September 5, 2022,) as a federal holiday).

included mandatory terms of probation, was illegal.[10]  On February 14, 2025, the Commonwealth filed an answer to Appellant's petition, agreeing that Appellant's sentence was illegal.[11]  Thereafter, without independent consideration of the timeliness of Appellant's petition, or whether it was subject to a jurisdictional exception, the trial court, on April 29, 2025, resentenced Appellant to an aggregate sentence of seven to 20 years'

_____

[10] In his amended petition, Appellant asserted that the portion of his sentence that included mandatory probationary sentences pursuant to 42 Pa.C.S.A § 9718.5 constituted an *ex post facto* violation of his constitutional rights because Appellant's criminal offenses occurred in 2012, and Section 9718.5 was not enacted until 2018.  Amended PCRA Petition, 11/27/24, at ¶¶59-63. Similarly, because his offenses occurred prior to December 20, 2012, Appellant asserted that he was subject to registration under Subchapter I of SORNA, as codified at 42 Pa.C.S.A. §§ 9799.51 – 9799.75, not Subchapter H of SORNA, as the trial court ordered on October 25, 2021.  **Id.** at ¶¶46-58; **see also** Criminal Complaint, 5/26/13 (stating, the most recent sexual assault occurred "approximately 10-12 months ago").

To overcome the limitations period, Appellant raised the newly-discovered facts exception to the one-year jurisdictional time-bar in which to file a timely PCRA petition.  Amended PCRA Petition, 11/27/24, at ¶¶7-24; **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii).  As discussed in greater detail *infra*, Appellant asserted that Attorney McDermott, who represented Appellant upon reinstatement of his post-sentence and direct appeal rights in Case CR-9076 and on direct appeal in Case CR-2243, was ineffective in that Attorney McDermott allegedly misinformed Appellant that the period in which to file a timely PCRA petition in Case CR-9076 would not begin to run until Appellant's direct appeal of the judgment of sentence in Case CR-2243 concluded.  **Id.** at ¶17.  Appellant maintained that his petition was timely because it was filed within one year of "when he was no longer represented by Attorney McDermott in [Case CR-9076 and Case CR-2243.]"  **Id.** at ¶¶23-24.

[11] An "agreement of the parties, however, does not suffice to vest a [PCRA] court with jurisdiction."  **Commonwealth v. Rivera**, 324 A.3d 452, 467 (Pa. 2024).

incarceration to be followed by six years' probation.[12]  In fashioning its sentence, the trial court imposed discretionary sentences of probation for Appellant's convictions of Sections 3123(b) and 3126(a)(7) of the Crimes Code and subjected Appellant to lifetime registration as a sex offender under Subchapter I of SORNA.  Appellant filed a post-sentence motion for reconsideration of his sentence, which the trial court denied on May 13, 2025.  This appeal followed.[13]

Appellant raises the following issue for our review:

Whether the trial court erred by imposing a sentence that is unreasonable, excessive and an abuse of discretion in the following ways[:] (i) it exceeds what is reasonably necessary for the protection of the public; (ii) it exceeds what is reasonably necessary in light of the gravity of the offense as it relates to the impact on the life of the victim and on the community; and (iii) the trial court did not fully consider, and imposed an excessive sentence in light of[:] (a) the rehabilitative needs of [Appellant] and/or (b) [Appellant's] character witness testimony and

---

[12] Although the PCRA court did not expressly enter an order granting Appellant's petition, it can be inferred from the trial court's resentencing order that the PCRA court elected to exercise its authority under the PCRA to entertain Appellant's claims of collateral relief on his revocation-of-probation sentence.

[13] Appellant was resentenced on April 29, 2025, and the notice of appeal was filed on May 13, 2025.  Because Appellant's notice of appeal was filed within 30 days of imposition of Appellant's April 29, 2025 revocation-of-probation sentence, Appellant's appeal is timely.  **See Wright**, 846 A.2d at 734; **see also** Pa.R.Crim.P. 708(E).

Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

allocution, all of which is contrary to 42 Pa.C.S.[A.] § 9721(b) and/or 42 Pa.C.S.[A.] § 9725?

Appellant's Brief at 7.[14]

Preliminarily, we must address the timeliness of Appellant's PCRA petition filed on July 22, 2024, as this issue implicates our Court's jurisdiction. *In re Payne*, 129 A.3d 546, 555 n.12 (Pa. Super. 2015) (*en banc*) (stating, "this Court may raise, *sua sponte*, issues concerning the timeliness of a PCRA petition"), *appeal denied*, 145 A.3d 167 (Pa. 2016). It is well-established that, if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. *Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).

As discussed *supra*, Appellant's revocation-of-probation sentence in Case CR-9076 became final on Tuesday, September 6, 2022, following reinstatement of Appellant's direct appeal rights on August 5, 2022, and the expiration of time in which to file a timely notice of appeal. *Brown*, 943 A.3d at 268; *see also* 42 Pa.C.S.A. § 9545(b)(3); *McKeever*, 947 A.2d at 786;

---

[14] Appellant's issue challenges the discretionary aspects of his revocation-of-probation sentence on the ground that the trial court imposed an unreasonable and excessive sentence in light of the gravity of Appellant's offense and failed to consider Appellant's rehabilitative needs.

Pa.R.A.P. 903(a). Therefore, Appellant had until September 6, 2023, to file a timely PCRA petition. Appellant filed the instant petition on July 22, 2024, more than ten months after the expiration of time in which to file a timely petition. As such, Appellant's petition is patently untimely.

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. **Spotz**, 171 A.3d at 676.

Recently, our Supreme Court reiterated that, to invoke the newly-discovered facts exception to the jurisdictional time-bar, a petitioner must plead and prove that "1) the facts upon which the claim was predicated were unknown to the petitioner and 2) [the facts] could not have been ascertained by the exercise of due diligence." **Commonwealth v. Brown**, ____ A.3d ____, 2026 WL 227113, at *12 (Pa. filed Jan. 28, 2026) (slip opinion)

(emphasis and original quotation marks omitted); **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating, a petitioner must allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

In his amended petition, Appellant invoked the newly-discovered facts exception, asserting that "based upon his discussion with Attorney McDermott about [quashal] of the appeal [in Case CR-9076], that the one-year [jurisdictional time-bar] under the PCRA statute would start to run [in Case CR-9076], and also [in Case CR-2243], upon the final disposition of the timely appeal [in Case CR-2243], which was not quashed[.]" Amended PCRA Petition, 11/27/24, at ¶17. It was Appellant's understanding that Case CR-2243 and Case CR-9076 were "combined" or "consolidated" and that both direct appeals had to be resolved before he was permitted to proceed *pro se* with the filing of a PCRA petition. **Id.** at ¶17 and Exhibit B (Appellant stating, "[o]nce you forward me the final disposition of the pending appeal [in Case CR-2243] I will file a PCRA petition" (capitalization corrected; extraneous capitalization omitted)).[15] Appellant stated that "he had no reason to believe that this advice [from Attorney McDermott] was inaccurate[.]" **Id.** at ¶18. In

---

[15] We note that, in the June 16, 2023 letter directed to Attorney McDermott, Appellant incorrectly identified the "1081 WDA 2022" docket number assigned by this Court as applying to both the appeal filed in Case CR-9076 and the appeal filed in Case CR-2243. This Court assigned docket number 1081 WDA 2022 to the appeal filed in Case CR-2243 and docket number 1082 WDA 2022 to the appeal filed in Case CR-9076. The two separate appeals were never consolidated by this Court.

other words, Appellant contends that inaccurate post-quashal advice relayed by Attorney McDermott, in his role as post-sentence and direct appeal counsel in Case CR-9076, constituted ineffective assistance of counsel that qualified as a newly-discovered fact for purpose of overcoming the PCRA jurisdictional time-bar. Appellant reasoned that Attorney McDermott abandoned Appellant and deprived him of his ability to seek collateral relief by conveying incorrect legal advice regarding the deadline by which to file a timely PCRA petition. We cannot agree.

It is well-established that, except in limited circumstances where counsel's ineffectiveness resulted in a complete deprivation of appellate review, "counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purpose of invoking the [Section] 9545(b)(1)(ii) exception." *Commonwealth v. Peterson*, 192 A.3d 1123, 1129 (Pa. 2018), *citing Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000) and its progeny; *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007).[16] Pennsylvania jurisprudence addressing ineffective assistance of

_____

[16] The *Peterson* Court identified limited circumstances in which counsel's actions or inactions validly triggered the newly-discovered facts exception to the PCRA jurisdictional time-bar because a complete deprivation of appellate review resulted from counsel's deficient performance. The instances occurred where "counsel did not file a [Rule] 1925(b) statement and waived all issues, thereby denying the defendant his constitutional right to direct appeal[,]" counsel "did not file a petition for allowance of appeal, as requested by the defendant, and denied his client to right to seek discretionary review with our Supreme Court[,]" counsel "did not file a direct appeal, despite [the] defendant's request[,]" counsel filed "an untimely [Rule] 1925(b)

- 12 -

counsel as a viable basis to invoke a timeliness exception has evolved overtime. *Gamboa-Taylor* was one of the first cases to address the issue and, ultimately, rejected attorney ineffectiveness, categorically, as a possible newly-discovered fact for purpose of the timeliness exception. Several years later, *Bennett*, affirmed by *Peterson*, "distinguished between the *Gamboa-Taylor* line of cases, pursuant to which petitioners assert claims of ineffectiveness for partial deprivations of appellate review, *i.e.*, attorney errors in narrowing the issues for review, from instances in which petitioners assert claims of ineffectiveness resulting in **complete** deprivations of appellate review, *i.e.*, attorney errors that resulted in petitioners being dispossessed of any opportunity for appellate review." *Peterson*, 192 A.3d at 1129 (emphasis in original), *citing* *Bennett*, 930 A.2d at 1273. The *Bennett* Court "recognized a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he [or she] has raised or foregone [(the *Gamboa-Taylor* line of cases)] versus those instances [where counsel has completely deprived the defendant of appellate review (the *Bennett* line of cases)]." *Peterson*, 192 A.3d at 1129.

_____

statement[,]" counsel did not file "an appellate brief so [the] defendant did not obtain direct review[,]" counsel filed "an appellate brief that raised only waived issues[, resulting] in a foreclosure of appellate review[,]" and counsel's "untimely filing of [a] first PCRA petition[, which] completely foreclosed [the defendant] from obtaining review of his collateral claims[.]" *Peterson*, 192 A.3d at 1131-1132 (citations and original brackets omitted). These examples are generally characterized by both an existing attorney-client relationship, together with a failure by counsel to carry out or effectuate a requested task on behalf of his or her client.

In reaching its conclusion, the **Bennett** Court held "that the difference in degree between partial and complete deprivations of review is significant, as the latter is the functional equivalent of having no counsel at all. This denial of counsel constitutes a form of ineffectiveness *per se*, pursuant to which prejudice must be presumed because the process itself has been rendered presumptively unreliable under the Sixth Amendment." **Id.** (original quotation marks omitted), *citing* **Bennett**, 930 A.2d at 1273. As our Supreme Court has steadfastly emphasized, a crucial distinction for purpose of the newly-discovered facts exception involving allegations of ineffective assistance of counsel is that, to constitute ineffectiveness *per se* and, thus, trigger an exception to the one-year jurisdictional time-bar, counsel's actions or inactions must result in a **complete** deprivation of review. Otherwise, claims of alleged ineffectiveness that result only in a **partial** deprivation of review do not constitute an exception to the jurisdictional time-bar because the ineffectiveness does not give rise to *per se* ineffectiveness. **See Bennett**, 930 A.2d at 1272-1274; **see also Rosado**, 150 A.3d 425, 428-434 (Pa. 2016); **Peterson**, 192 A.3d at 1131. Thus, "[i]n cases involving ineffectiveness *per se*, [Section 9545](b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he [or she] was entitled due to a circumstance that was **beyond his [or her] control**." **Peterson**, 192 A.3d at 1130 (emphasis added; original quotation marks omitted), *quoting* **Bennett**, 930 A.2d at 1273.

Moreover, from our review of the *Gamboa-Taylor* and *Bennett* lines of cases, we are able to glean that, not only must the ineffectiveness cause the complete deprivation of appellate review in order to trigger the newly-discovered facts exception, but an attorney-client relationship between counsel and the defendant ordinarily must exist at the time of the alleged *per se* ineffectiveness. It is because of this attorney-client relationship, and counsel's concomitant duty to the defendant, that counsel's failure to take a promised or requested action can result in the complete deprivation of appellate review. Without the existence of such a relationship, counsel is not obligated to act on behalf of his or her former-client and, therefore, cannot be found to have deprived the defendant of appellate review. In other words, counsel cannot "abandon" a defendant for purposes of the newly-discovered fact exception without first owing a duty to the defendant, pursuant to an existing attorney-client relationship.

"The Sixth Amendment to the United States Constitution provides that 'in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.'" *Rosado*, 150 A.3d at 429 (brackets omitted), *citing* U.S. Const. amend. VI. The right to counsel has been interpreted to require the effective assistance of counsel. *Rosado*, 150 A.3d at 429. Moreover, the right to counsel extends to state proceedings *via* the Fourteenth Amendment's guarantee of due process, when the defendant may be subject to a sentence of imprisonment. *Id.* at 429 n.6, *citing* ***Argersinger v. Hamlin***, 407 U.S. 25 (1972).

Pennsylvania Rule of Criminal Procedure 122(B)(2) states that, when counsel is appointed, "the appointment shall be effective until final judgment, including any proceedings upon **direct appeal**." Pa.R.Crim.P. 122(B)(2) (emphasis added). Thus, "counsel retains his or her appointment until final judgment, which includes all avenues of appeal through the Supreme Court of Pennsylvania." Pa.R.Crim.P. 122 at Official Comment.

Once a defendant has exhausted all avenues of direct appeal and his or her judgment becomes final, the defendant no longer has a constitutional right to the assistance of counsel. **Peterson**, 192 A.3d at 1130 n.3 (explaining that, neither the United States Constitution, nor the Pennsylvania Constitution guarantee a defendant the right to counsel during collateral review). Rather, Pennsylvania Rule of Criminal Procedure 904 provides a first-time PCRA petitioner a rule-based right to the assistance of counsel. **See** Pa.R.Crim.P. 904 (governing the appointment of PCRA counsel for first-time PCRA petitioners). When counsel has been appointed in a PCRA proceeding, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2). Thus, based upon a plain-reading of Rules 122 and 904, the appointment of defense counsel in a criminal proceeding terminates, and no attorney-client relationship exists, once the judgment of sentence becomes final. As such, once the judgment of sentence becomes final and the attorney-client relationship has ended, appointed counsel no longer owes a constitutional duty to represent the

defendant. If the defendant later seeks collateral review, the appointment of PCRA counsel is governed by Rule 904 and representation by appointed counsel begins anew.[17]

Here, the record demonstrates that on August 5, 2022, the PCRA court granted Appellant's petition and reinstated his post-sentence and direct appeal rights *nunc pro tunc*. Attorney McDermott, on behalf of Appellant, filed a post-sentence motion challenging Appellant's October 25, 2021 revocation-of-probation sentence. The trial court denied the post-sentence motion on August 12, 2022. Attorney McDermott then filed a notice of appeal on September 14, 2022. Attorney McDermott filed a Rule 1925(b) statement on October 3, 2022, and an appellate brief with this Court on February 21, 2023. On March 17, 2023, this Court quashed Appellant's appeal on the ground that the appeal was untimely. As such, Appellant's revocation-of-probation sentence became final on September 6, 2022, as discussed *supra*.

Once Appellant exhausted his direct appeal rights and his revocation-of-probation sentence became final on September 6, 2022, Attorney McDermott's constitutional duty to represent Appellant on direct appeal in Case CR-9076 ended. Attorney McDermott was not obligated to file a PCRA petition on Appellant's behalf because Attorney McDermott no longer

---

[17] Because the appointment of defense counsel and PCRA counsel are governed by separate rules of criminal procedure, the trial court/PCRA court is required to enter distinct orders designating the appointment of counsel.

represented Appellant. Moreover, as indicated in the June 16, 2023 letter directed to Attorney McDermott, Appellant understood that it was his obligation to file a PCRA petition *pro se* if he sought collateral review. Appellant, however, did not file his *pro se* petition until July 22, 2024, more than ten months after the deadline by which to file a timely petition. Any mistaken information Appellant may have gleaned from his own interpretation of the law or from Attorney McDermott regarding the filing of a timely petition cannot serve as a newly-discovered fact to overcome the jurisdictional time-bar because Attorney McDermott no longer had a duty to represent Appellant once the revocation-of-probation sentence became final on September 6, 2022, and the attorney-client relationship ended. In short, there was no complete abandonment by counsel in the case *sub judice*, as the obligation to file a timely PCRA petition (or to seek the appointment of PCRA counsel) rested entirely with Appellant. Therefore, Appellant failed to plead and prove the newly-discovered facts exception to the PCRA one-year jurisdictional time-bar. As such, the PCRA court was without jurisdiction to grant collateral relief in the form of a new sentencing proceeding that, ultimately, resulted in Appellant's April 29, 2025 revocation-of-probation sentence. Therefore, the PCRA court's decision to grant collateral relief and convene a new sentencing proceeding and the subsequent April 29, 2025 revocation-of-probation sentence are null and void *ab initio* because the PCRA court did not have jurisdiction to grant relief. ***Fantauzzi***, 275 A.3d at 997-998

Accordingly, we vacate the April 29, 2025 revocation-of-probation sentence,

as well as the PCRA court's order granting collateral relief, and remand this matter for re-imposition of the October 25, 2021 revocation-of-probation sentence.  Moreover, it follows that, because Appellant's April 29, 2025 revocation-of-probation sentence is a legal nullity, he could not appeal that determination and, therefore, we are without jurisdiction to address the merits of Appellant's discretionary sentencing claim.

Revocation-of-probation sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  4/17/2026